SENTELLE, Chief Judge,
concurring in part and dissenting in part:
While I concur in the conclusion and most of the opinion of the court, I write separately to express my misgivings over the extension of what I think is already a dangerous and mistaken line of precedent with respect to the Board’s ascertainment of the existence of an agency relationship. The idea that the existence of an agency relationship can be determined by the reasonableness of the representation made by the possible agent seems to me wholly illogical. There seems to me to be no inherent reason why actual agents could be presumed to say only reasonable things and self-appointed agents could be presumed to say unreasonable ones. Further, as applied to this case, the Board seems hardly consistent in its analysis. The evidence before the Board, and indeed accepted by the Board, supported the *118 proposition that some employees were so convinced of the reasonableness of the proposition that the union could get them fired that they sought reassurance from management. The record does not reveal and could never reveal how many other employees may have heard the statements but not sought reassurance. Indeed, to ask that question is rather like inquiring of a spelunker as to how many miles there are of unexplored caves. But whether one assumes that the unsophisticated worker could be deceived by the lack of reasonableness so apparent to the Board would appear to me to be a question of the effect of the representation, not its apparent authorization by way of agency.
Neither do I think the result in this case is compelled by Amalgamated Clothing & Textile Workers Union v. NLRB, 736 F.2d 1559, 1565 (D.C.Cir.1984). That case, whose correctness I would question, appears to me to be sufficiently fact-specific as to have little compulsive force as precedent, although I concede that it does push us in the direction taken by the court. In the end, I will concur in the judgment, but I dissent from that portion of the opinion relying upon the “reasonableness” of the representation made in the determination of agency.